SAMUEL GARWOOD v. The Administrators and Heirs of
WILLIAM ELDRIDGE.

When the amount in controversy is small, and the facts can be satisfactorily
ascertained in this court, an issue at law will not be awarded.

THE bill in this case prayed relief against the legal title of Wil-
liam Eldridge, (the defendants' intestate,) to the premises in ques-
tion. William Eldridge claimed title under a sheriff's deed, made
by virtue of a judgment and execution in favor of Eldridge, against
Josiah Smith. It appeared by the bill and answer, that said judg-
ment had been entered upon a bond given by Smith to Eldridge
to indemnify him for any monies he might pay as security for
Smith as one of the constables of the township of Evesham, in
the county of Burlington. The cause having been argued upon
the merits before the chancellor, at January term, 1839, a decre-
tal order was made* referring it to one of the masters of the court
"to ascertain and report what were the amount of monies actu-
ally paid by the said William Eldridge as one of the sureties of
Josiah Smith, late one of the constables of the township of Eves-
ham, in the county of Burlington, and for which the bond men-
tioned in the said order was given as security or indemnity ; and
whether the whole, or any part thereof, and what part thereof,
has been paid by the said Josiah Smith, or any other person for
his use ; and whether the said judgment of the said William El-
dridge against the said Josiah Smith has been paid, and if paid
when, and under what circumstances."

The master, after stating certain matters which appeared in
evidence before him, (all of which appear by the bill, answer and
original testimony in the cause,) reported as follows :—"And I
do further report, that there has not been produced before me
evidence of such payment to the said William Eldridge as would
amount to a legal satisfaction or discharge of his said judgment,
but that the evidence altogether consists of facts of that nature, as

* See the case, ante 145.

can only be properly submitted to and determined by an impartial jury, in order the better to inform and satisfy the conscience of the court in making a decree; and I do therefore report to the chancellor, that an order be made directing a feigned issue, to try the question whether the judgment obtained by the said William Eldridge against the said Josiah Smith, on the said bond of indemnity, has been paid off and discharged by the said Josiah Smith, or by any person to his use."

To this report exceptions were filed by the complainant, and the cause now came on for hearing upon the exceptions. The only point relied upon was, that there was nothing in the case to justify the awarding a feigned issue—and that the master ought to have reported definitively upon the matter referred to him.

*H. W. Green*, for defendants, in support of the exceptions, cited *Le Guen* v. *Gouverneur*, 1 *John. Cas.* 436; *Dale* v. *Roosevelt*, 6 *J. C. R.* 255; *Townsend* v. *Graves*, 3 *Paige*, 453; *Fornshill* v. *Murray*, 1 *Bland*, 485; *Trenton Banking Co.* v. *Woodruff*, *ante*, 117; *Stafford* v. *Stafford*, *Saxton*, 533.*

*Wall*, for complainant, contra.

*Kinsey*, in reply, was stopped by the court.

THE CHANCELLOR. The case is too clear to admit of argument. There is nothing in the case to warrant the awarding of an issue at law, or to justify the court in avoiding a decision of the case upon the evidence. I awarded an issue in the case of

* NOTE. In the case of *Stafford* v. *Stafford*, *Saxton*, 533, after the delivery of the opinion, application was made to the court on the part of the complainant for an issue at law. The chancellor (Vroom) refused the application, but stated, that if the evidence had led to the conclusion that the deed in question was a forgery, he would not have pronounced a decree involving the party in a criminal charge, without the intervention of a jury, but would have awarded an issue at law.

[Garwood v. Adm'rs of Eldridge.]

the *Bank* v. *Woodruff*, with great reluctance. But there the whole case, which was of considerable moment, turned upon a single question of fact, in regard to which there was no evidence before me. The issue there was a matter of necessity. Here the amount in controversy is small, and the facts can be satisfactorily ascertained in this court. The report must be set aside, and the matter referred back to the master.

Order accordingly.